Rockwell et al. v. Foster.

well seized of said bargained and granted premises, as a good indefeasible estate, in fee-simple, etc. and that at the execution of said deed the defendant was well seized of ninety acres of said land only; and of twenty acres thereof he was not well seized, nor had any right to sell the same.   Damage £40.

Plea — That the defendant had kept and performed his covenants in said deed.   Issue to the court.

It appeared that the defendant had a good title to all the lands within the bounds and lines described in said deed — but that in fact there was but ninety acres contained within said lines and bounds.

The question was — What were the granted premises; for of them the defendant covenanted that he was well seized; were they 110 acres of land, or only all the land contained within the bounds described?

ROCKWELL AND THE INHABITANTS OF EAST WINDSOR V. FOSTER.

A soldier that enlists by the procurement of two men, in exoneration of themselves, is entitled to all the public premiums.

ERROR to reverse a judgment of the County Court, in an action brought by said Foster against said town of East Windsor, declaring that in December A. D. 1776, the general assembly granted a bounty of £10 in addition to the premium given by Congress, to every able-bodied effective man, who should enlist into the continental army for three years or during the war; that said town of East Windsor, as an additional encouragement to induce men to enlist as aforesaid, on the 7th of April A. D. 1777, in legal town meeting, voted that each soldier, being an inhabitant of said town, who had or should enlist into the continental service, as proposed by the general assembly, should be paid by the selectmen of East Windsor, the sum of £10 in money, to be collected by a rate on the list of A. D. 1776; that the plaintiff being an inhabitant

of the town of East Windsor, did on the 6th of May A. D. 1777, enlist into one of this state's regiments, in the continental army, for three years, according to the proposals of the general assembly, being induced thereto by the vote of said town, and thereby became entitled to receive said £10 from said select-men, and said sued town became liable to pay the same in a reasonable time, agreeable to said vote; yet the defendants had never paid said £10 although a reasonable time had elapsed and the money been often requested, particularly on the 10th of July 1777. Damage £20.

The defendants plead in bar — That the general assembly in May A. D. 1777 passed a law that any two men belonging to this state, and not of the continental army who should pro-cure an able-bodied soldier or recruit to enlist into either of the battalions, to be raised in this state for three years or during the war, should be exempted from actual service in the army, and from all drafts and detachments during the term the soldier they had procured should enlist for; and that after passing said act, viz. on the 26th of May A. D. 1777, Rufus Cleaveland of said East Windsor was drafted for a tour of duty in the army; that he and Edward Payne of said town, procured and hired the plaintiff to enlist into one of the battalions, raised by this state for the continental army for the term of three years, and gave him £30 lawful money to enlist, whereby said Cleaveland and Payne were exempted from all military service and duty during said term; and that the plain-tiff did not enlist pursuant to the vote of said town, but by the procurement and hiring of said Cleaveland and Payne.

To this plea in bar the plaintiff demurred. Judgment of the County Court — That the plea in bar was insufficient.

Errors assigned — 1st. That judgment ought to have been, that the plea in bar was sufficient and for the defendants to have recovered their cost. 2d. That the plaintiff's declaration was insufficient. Plea — Nothing erroneous.

Rockwell et al. v. Foster.

By the Court.   There is nothing erroneous in the judgment complained of.   The continental, state and town bounties were accumulative encouragements to enlist; and every soldier that enlisted was entitled to them all, notwithstanding he was hired by one or two men thus to enlist; for the act of assembly passed in May A. D. 1777, exempting any two men that should hire one to enlist into the army, doth not take away any of the premiums offered by the public, but allowed him to take the whole, as an inducement to engage for a less sum from those who hired him.

The declaration alleges, that on the 6th of May, the plaintiff being an inhabitant of East Windsor, did enlist a soldier in one of this state's regiments in the continental army, for three years, agreeable to the proposals of the general assembly, being induced thereto by the vote of said town.

The defendants in their plea admit the vote of the town; they state the act of assembly passed in May A. D. 1777, excusing two men that should hire one; they say that on the 26th of said May the plaintiff was hired by two men to enlist, and that in fact he enlisted into one of the battalions raised by this state in the continental army, for three years; whereby said two men were exempted during that term, and thereupon the defendants say the plaintiff did not enlist pursuant to the vote of said town, but by the procurement of said two men.

The defendants have admitted everything in their plea which is necessary to entitle the plaintiff to a recovery, provided a soldier, who enlisted by the hiring or procurement of two men, is entitled to the premium — for although they say he was hired and enlisted on the 27th of May, yet as they have not traversed his enlisting on the 6th of May, which is directly averred, it is admitted.

The only question then before the court is — Whether a soldier, hired by two men to enlist, etc. is entitled to the public bounties.

The court are of opinion that he is; for 1st. He is counted for one of the town's quota.   2d. He goes to fill one of the regiments exacted from the state.    3d. He is induced thereby to accept so much less from the two men, who hired him. 4th. The two men who hired him are deducted from the list of effective men in that town, on which future levies are to be made.   Thus it is in all respects just and works no injury to any.

The Chief Judge dissented from the court in the judgment.